Wright, J.
The first error assigned is, that in admitting evidence upon the trial, the bills of exceptions purporting to shows these errors were not taken until after the trial term, and can not be considered here.
But counsel for plaintiff in error argue thus: The record ■shows only that the bills were “ filed ”- after the trial term, not showing when they were signed and made part of the record; that, in point of fact, they might have been signed and sealed at the trial term, though not “filed” till afterward, and it must be presumed that things were rightly done.
The exception must be taken at the trial, term, and it is no* exception till “filed” as part of the record. Code, § 294. If, then, not “ filed ” till a subsequent term, it is ■only an exception as of that term.
As to the third bill, however, it is different. That was taken to present alleged error in overruling the motion for a new trial. That error, if any, occurred when the motion was overruled, and the bill is properly taken as of that term. This is settled by the cases, City of Dayton v. Hinsey and P. C. & St. L. R. R. v. Porter, ante, 258, 328.
*420 The first part of the charge relates to the nature of the alleged promise made by Estabrook. The court told the-" jury plainly, that if this promise was merely to answer for Showalter’s debt, there could be no recovery for want of writing; but, if there was a new contract between Gebhart and Estabrook, by which, to induce Gebhart to furnish the labor and material, Estabrook undertook to pay, out of funds which would be coming to Showalter; that Gebhart furnished the work and material relying on this1' promise, which he would not otherwise have done, and that Showalter was irresponsible and assented to this arrangement, then the contract might be enforced.
We see no error in this. In 1 Smith’s L. C. 507, notes to Birkneys v. Damill, it is said, “When it is doubtful whether the sale was made exclusively on the defendant’s credit, the question should be left to the jury.” And in 2 Parsons on Contracts, 11: “ Whether a contract is collateral or original, may be a question of construction, and then it is for the court; but it is often regarded as a question of fact, and then it is for the jury.”
If the jury saw fit to believe the plaintiff’s testimony, they could have found that Estabrook did agree to make the payments, and Gebhart refused to work without this assurance; and, without going into an elaborate discussion of testimony, it seems to us that, though much might be said upon either side, we can not interfere with the verdict on the ground that it is against the evidence. It presents a square conflict between witnesses, and the verdict should have been with that party to whose evidence the greatest credibility attached.
The court further charged, that if the original contract was not made, as Gebhart alleged, yet, if, after the work was done, Showalter being indebted to Estabrook, an arrangement was made, by consent of all, that Estabrook should pay Gebhart, he giving up his claim against Showalter, and looking to Estabrook alone, then Estabrook could *421 be held, although there was no writing. The court further saying that such an arrangement must have the features of ■consent of all parties and the extinguishment of the debts.
This is making a case of novation, and wé can only make the same remarks as those applied to the other branch of the case. The matter was fairly left to the jury, .and the evidence is not such as would authorize us to interfere with their conclusion. We see no error in the other points made.

Judgment affirmed.

Scott and Ashburn, JJ., did not sit.